IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYMOND DWAYNE TAYLOR, JR., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> C/O M. HESS, *et al.*, ) <br>     Defendants. ) | Civil Action No. 7:21-cv-00564 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This case was filed by plaintiff Raymond D. Taylor, Jr., an inmate proceeding *pro se*. There are several motions and issues pending before the court and addressed herein. First, Taylor has filed "objections" (Dkt. Nos. 50) to a portion of an order issued by the U.S. Magistrate Judge assigned to this case, Judge Joel C. Hoppe. Taylor also has filed a one-page document that—in conclusory fashion—requests leave to amend, requests discovery from a non-party (Virginia Department of Corrections ("VDOC") Director Harold Clarke), and again requests a "pro bono attorney" be appointed for him. That single one-page document has been docketed separately as three docket entries: objections to the magistrate judge's rulings denying counsel, a motion for leave to amend, and a motion for a court order directing Clarke to provide grievances.[1] (Dkt. Nos. 68–70.)

**1.   Objections to Magistrate Judge's February 22, 2022 Order (Dkt. No. 50)**

In a February 22, 2022 order, Judge Hoppe granted in part and denied in part Taylor's motion to compel and extended the time for the parties to complete discovery. In light of that, the court also extended the previous deadline for defendants to file any summary judgment motion. (*See generally* Dkt. No. 42.)

---

[1] The motions have been referred to Judge Hoppe, but the court will withdraw its reference as to these two motions only and will rule on them.

Thereafter, Taylor filed a document titled simply "Motion," which was docketed as objections to the February 22, 2022 order.[2] In it, Taylor raises several issues.

First, he objects to the portion of Judge Hoppe's order that gave an extension for filing the summary judgment motion. (Dkt. No. 50.) Because this ruling is on a nondispositive matter, Taylor's objections to it are governed by Federal Rule of Civil Procedure 72(a), which directs the court to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Bate Land & Timber LLC*, 877 F.3d 188, 198 (4th Cir. 2017) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous "standard is a demanding one." *Id.* A ruling is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Marketing Solutions, Inc. v. Fowler,* No. 1:09-CV-1392-GBL-TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (citation omitted).

The court has reviewed Judge Hoppe's decision to extend the time for defendants to file a summary judgment motion under the foregoing standards and finds no error, clear or otherwise. Summary judgment motions are typically filed after the close of discovery, and it was appropriate to allow time for discovery to be completed before requiring defendants to file their motion here. Thus, Taylor's objections will be overruled.

In the same document, Taylor also asks that the court order the warden of Wallens Ridge State Prison or Clarke to produce copies of grievances against defendant M. Hess. This request is related to a similar request in a more recent motion, and the court will address the request in

---

[2] The "motion" was received on May 2, 2022, and was not timely, if treated as an objection. Nonetheless, the court will address the substance of the filing.

conjunction with that motion. *See* Section 4 *infra*.

Taylor also complains that, because he is housed out-of-state in Nevada, he has to request legal research from Virginia via mail and have it mailed back to him, and it takes four or five days to reach him. He also claims that he is not being allowed to access the law library at his Nevada prison. He offers these facts in support of a request for appointment of counsel, which the court already has denied.[3] His objections to that denial are addressed next.

**2. Objections to Magistrate Judge's June 14, 2022 Order (Dkt. No. 68)**

In a June 14, 2022 order, Judge Hoppe denied without prejudice Taylor's third motion for counsel. (Dkt. No. 66.) Taylor subsequently requested counsel again, in a one-page letter, which the Clerk docketed as objections to the prior denial of counsel. He asserts again that he is not being permitted access to the library at his prison, and he contends that the "institutional attorney" at VDOC, from whom he is supposed to obtain cases or other legal research, is not providing him with legal material. The court has considered these allegations, as well as an earlier response and affidavit filed by defendants in response to a court order, which addressed these topics. (Dkt. No. 49.) In view of the entire record, the court concludes that there is no clear error in the order denying without prejudice Taylor's requests for counsel. As Judge Hoppe has repeatedly noted—and despite Taylor's belief to the contrary—he is not entitled to counsel to prosecute this civil action. *Mallard v. United States D. Ct. for S.D. of Iowa*, 490 U.S. 296, 309 (1989). Accordingly, his objections (Dkt. No. 68) will be overruled.

---

[3] Taylor also raises an issue concerning a potential conflict of interest by the VDOC person tasked with sending him legal research or returning his calls. Taylor appears to argue that because he has a lawsuit either against that person or his VDOC supervisors, there is a "conflict." To the extent these allegations are offered in support of Taylor's request for an attorney, the court has considered them. If Taylor is intending to assert separate legal claims based on this issue, he must bring them in a separate, new lawsuit.

### 3. Motion to Amend/Correct Complaint (Dkt. No. 69)

In a March 3, 2022 order, Judge Hoppe denied without prejudice Taylor's motion to amend his complaint. After considering the proposed supplemental complaint Taylor had submitted, Judge Hoppe ruled:

> To the extent Taylor is asking to amend his current complaint (Dkt. No. 32-1), his motion to amend (Dkt. No. 44) is **DENIED without prejudice**, because it is unclear how he is trying to alter the current complaint or what he is trying to add to it. Nonetheless, the court will give Taylor one additional opportunity to file a second amended complaint. If Taylor wants to add allegations or documents to his current complaint, he should *resubmit* that complaint (Dkt. No. 32-1), along with the additional allegations or documents, all in a single submission that he should call his "second amended complaint." Alternatively, he may submit an entirely new document as his second amended complaint, but that document must contain all of his claims and all of the allegations he wants to include in a single submission. Any second amended complaint filed shall constitute the sole complaint in this matter, without reference to any complaints or other documents he has filed previously.
>
> Taylor shall have thirty days to file his second amended complaint. If he does not file a second amended complaint within thirty days, then he will forfeit his opportunity to amend. If that occurs, then Dkt. No. 32-1, without any other documents or attachments, shall constitute the sole complaint in this matter.

(Dkt. No. 45 at 2–3.) Taylor did not file any motion to amend within that thirty-day window, nor did he seek an extension of time to do so.

Despite that failure, he now seeks leave to amend or correct his complaint, but he fails to provide a proposed complaint with his motion. (Dkt. No. 69.) Thus, it is impossible for the court to properly analyze his motion to amend. In any event, Taylor forfeited his right to file an amended complaint by failing to do within the time set by the court's order. Thus, his motion to amend (Dkt. No. 69) will be denied.

### 4. Motion for Court to Order Clarke to Provide Grievances (Dkt. No. 70)

Taylor's letter motion states that he wants "the court to order the defendant Harold W. Clarke to provide me with all grievances I [paid] for already and I sent Red Onion State Prison 50 dollars because grievance coordinator told me how much it cost me." (Dkt. No. 70 at 1.) First of all, Harold Clarke is *not* a defendant to this action; two other individuals are. Thus, any discovery request of Clarke himself must be treated as discovery directed toward a non-party and obtained by subpoena. Fed. R. Civ. P. 45. Taylor does not indicate that he has served Clarke with any such discovery.

As to what documents he is requesting, Taylor requested grievances filed against Hess (perhaps by anyone) in an earlier filing, but it is unclear whether he now is referring to that or to his own grievances. In any event, based on his motion, it appears that he has requested and VDOC has agreed to provide the documents he seeks. Moreover, since this motion was received, Taylor has propounded discovery to defendants, including requests for production of documents, the responses to which are not yet due. At this time, then, the court will deny his motion without prejudice. In the event he has sought the documents through the discovery process and has not received them, he may file a motion to compel, pursuant to Federal Rule of Civil Procedure 37.

### CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. The reference to the U.S. Magistrate Judge of Taylor's two recent motions (Dkt. Nos. 69, 70) is WITHDRAWN as to those motions only;
2. Taylor's objections (Dkt. Nos. 50, 68) are DENIED;
3. Taylor's motion to amend (Dkt. No. 69) is DENIED; and

5

4. Taylor's motion for the court to order non-party Harold Clarke to provide grievances (Dkt. No. 70) is DENIED without prejudice to Taylor's ability to file a motion to compel, if appropriate.

The Clerk is DIRECTED to provide a copy of this order to Taylor and to counsel for defendants.

Entered: July 12, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge